UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| NATAN FELDMAN, individually and on behalf of all others similarly situated;<br><br>-v.-<br><br>D&A Services, LLC,<br><br>and JOHN DOES 1-25.<br><br>Defendant(s). | Civil Action No: |

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Natan Feldman (hereinafter, "Plaintiff"), a Maryland resident, brings this Class Action Complaint by and through his attorneys, Meridian Law LLC, against Defendant D&A Services, LLC (hereinafter "Defendant" or "D&A"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

### INTRODUCTION/PRELIMINARY STATEMENT

1.  Congress enacted the Fair Debt Collection Practices Act (hereinafter "the FDCPA" or "the Act") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws ·were inadequate. *Id.* § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692 et. seq. and 28 U.S.C. § 2201. The Court has pendent jurisdiction over any state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) as this is the district where the Plaintiff resides.

5. Venue is also proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where a substantial part of the events and omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

6. Plaintiff brings this class action on behalf of a class of Maryland consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

7. Plaintiff is seeking damages and declaratory relief.

## PARTIES

8. Plaintiff is a resident of the State of Maryland, County of Montgomery, with a residence at 1101 Lamberton Dr., Silver Spring, Maryland 20902.

9. Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 1400 E. Touhy Ave., Ste G2, Des Plaines, Illinois 60018.

10. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

11. John Does l-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

12. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

13. The Class consists of:
    a. all individuals with addresses in the State of Maryland;
    b. to whom Defendant sent an initial collection letter attempting to collect a consumer debt;
    c. that included deceptive and contradictory language as to the method of dispute required to have the Defendant cease collection efforts and validate the debt;
    d. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

14. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

15. Excluded from the Plaintiff Class are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

16. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ 1692e and 1692g.

17. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

18. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

    b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue

is \whether the Defendants' written communications to consumers, in the forms attached as Exhibit A violate 15 U.S.C. § l692e, and §1692g.

c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

19. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

20. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

21. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

22. Some time prior to August 7, 2020, an obligation was allegedly incurred to Bank of America, N.A. ("BOA").

23. The BOA obligation arose out of a transaction involving a revolving line of credit which was incurred primarily for personal, family or household purposes.

24. The alleged BOA obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

25. BOA is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

26. BOA debt contracted with Defendant to collect the alleged debt.

27. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violation – August 7, 2020 Collection Letter*

28. On or about August 7, 2020, Defendant sent Plaintiff an initial contact notice (the "Letter") regarding the alleged debt owed to BOA. See a true and correct copy of the Letter attached hereto as **Exhibit A**.

29. When a debt collector solicits payment from a consumer, it must, within five days of an initial communication, provide the consumer with a written validation notice, known as a "G notice," which must include the following information:

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector <u>in writing</u> within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's <u>written</u> request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. 15 U.S.C. § 1692g(a).

(emphasis added).

30. The FDCPA further provides that "if the consumer notifies the debt collector <u>in writing</u> within the thirty-day period . . . that the debt, or any portion thereof, is disputed . . . the debt collector shall cease collection . . . until the debt collector obtains verification of the debt . . . and a copy of such verification is mailed to the consumer by the debt collector." 15 U.S.C. § 1692g(b).

31. The Letter contains this standard language but also states "If you dispute the debt, or any part thereof, or request the name and address of the original creditor in writing within the

thirty-day period, the law requires our firm to suspend our efforts to collect the debt until we mail the requested information to you."

32. The consumers right to have collection efforts cease and information sent by mail can only be triggered via a written dispute.

33. Yet the letter states plainly that a dispute, or any part thereof, alone, without any qualification whether it is in writing or oral form would cause the collector to cease collection.

34. The letter only qualifies that a request of the name of the original creditor be in writing, but not a dispute of the debt or any part thereof.

35. In omitting the writing requirement Defendant falsely communicates the consumer's requirements under the FDCPA.

36. This false and inaccurate portion of the Letter is deceptive and misleading because it deceptively and improperly advises the Plaintiff of the proper method for exercising his validation rights under the FDCPA.

37. Plaintiff sustained an informational injury as he was not fully apprised of his rights and responsibilities necessary to properly exercise her options under §1692g.

38. Plaintiff effectively waived his rights to this statutorily available information because he was not properly informed of the "G-Notice" requirements set forth in the FDCPA.

39. As a result of Defendant's deceptive misleading and false debt collection practices, Plaintiff has been damaged.

## COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e et seq.

40. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

41.     Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

42.     Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

43.     Defendant violated §1692e:

   a. As the Letter it is open to more than one reasonable interpretation, at least one of which is inaccurate.

   b. By making a false and misleading representation in violation of §1692e(10).

44.     By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692g *et seq.*

45.     Plaintiff repeats, reiterates and incorporates the allegations contained in in the foregoing paragraphs with the same force and effect as if the same were set forth at length herein.

46.     Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

47.     Pursuant to 15 U.S.C. §1692g, when a debt collector solicits payment from a consumer, it must, within five days of an initial communication, provide the consumer with a written validation notice, known as the "G Notice," which must include the following information:

   (1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. 15 U.S.C. § 1692g(a).

48. The FDCPA further provides that "if the consumer notifies the debt collector in writing within the thirty day period . . . that the debt, or any portion thereof, is disputed . . . the debt collector shall cease collection . . . until the debt collector obtains verification of the debt . . . and a copy of such verification is mailed to the consumer by the debt collector." 15 U.S.C. § 1692g(b).

49. Defendant violated this section by deceptively misrepresenting the requirements of §§1692g by stating that any dispute even one not made in writing would trigger a cease of collections until validation information is provided

50. Plaintiff sustained an informational injury as he was wrongfully misinformed that he need not dispute the debt in writing.

51. Plaintiff was harmed due to the fact that he was misled into believing that he was not required to dispute his debt in writing.

52. Due to the fact that Defendant's conduct violated Section 1692g et seq. of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

53. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Natan Feldman, individually and on behalf of all others similarly situated, demands judgment from Defendant D&A Services, LLC, as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Aryeh E. Stein, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

**Dated: October 22, 2020**

**Meridian Law, LLC**
/s/ Aryeh E. Stein
By: Aryeh E. Stein, #24559
600 Reisterstown Road, # 700
Baltimore, MD 21208
Phone: 443-326-6011
Fax: 410-653-9061